**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

    **Plaintiff,**

**v.**                                                           Case No. 8:08-cv-1106-T-30MAP

**BARRY E. SIELOFF,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff United States' Dispositive Motion for Summary Judgment (Dkt. 7) and Defendant's Response to United States' Dispositive Motion for Summary Judgment (Dkt. 9). The Court, having considered the motion, response, memorandum, supporting documentation, and being otherwise advised in the premises, finds that Plaintiff's Motion for Summary Judgment (Dkt. 7) should be granted.

## BACKGROUND

On June 9, 2008, Plaintiff the United States of America ("Plaintiff") filed a complaint against Defendant Barry E. Sieloff ("Defendant") to reduce to judgment unpaid federal tax liabilities assessed against him. The assessments were made on March 9, 1998 by a delegate of the Secretary of the Treasury. The assessments comprised of federal income taxes, penalties and interest against Defendant for the tax years 1990 through 1994. The Certificates of Assessments, Payments, and other Specified Matters (Form 4340) reflect that

a delegate of the Secretary of the Treasury assessed against Defendant the following: (1) $40,976.92 for the tax year 1990; (2) $20,135.57 for the tax year 1991; (3) $23,499.63 for the tax year 1992; (4) $49,135.35 for the tax year 1993; and (5) $20,593.05 for the tax year 1994. These amounts include income taxes, penalties and interest. On August 7, 2006, Defendant requested a collection due process hearing pursuant to 26 U.S.C. §6330(b). The hearing was pending for 158 days, until its resolution on January 12, 2007.

As of January 22, 2009, interest was applied to Defendant's total federal income tax liability for the years 1990 through 1994, which increased Defendant's tax liability for each year as follows: (1) $82,370.12 for the tax year 1990; (2) $40,361.60 for the tax year 1991; (3) $46,952.10 for the tax year 1992; (4) $97,877.36 for the tax year 1993; and (5) $40,877.94 for the tax year 1994. Plaintiff calculated these amounts using INTST, an internal IRS program, which calculates the proper amount of statutory accruals to a date certain. As of January 22, 2009, these amounts total $308,439.12.

Plaintiff requests in its motion for summary judgment that the Court enter judgment in its favor and against Defendant in the amount of $308,439.12, as of January 22, 2009, plus fees, interest, and all statutory additions thereafter as provided by law. Defendant's response to Plaintiff's motion for summary judgment fails to provide any evidence to rebut Plaintiff's assessment of his tax liability.

**DISCUSSION**

**I.      Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual

issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

**II.   Legal Analysis**

In reducing an assessment to judgment, the Government must first prove that the assessment was properly made. U.S. v. White, 466 F.3d 1241, 1248-1249 (11th Cir. 2006) (citing Palmer v. United States, 116 F.3d 1309, 1312 (9th Cir.1997)). The Government's submission of a Form 4340 establishes such a presumption. Id. (citing Roberts v. C.I.R., 329 F.3d 1224, 1227 (11th Cir. 2003)). Once the Form is provided, the taxpayer must then prove that the assessment is erroneous in order to prevail. Id. (citing Stallard v. United States, 12 F.3d 489, 493 (5th Cir.1994)). Defendant failed to provide any evidence rebutting the Form 4340's presumption of validity. Accordingly, this Court must presume that Plaintiff's assessments are accurate. See United States v. Chila, 871 F.2d 1015, 1019 (11th Cir. 1988) (same); March v. IRS, 335 F.3d 1186, 1188 (10th Cir. 2003) (same); Buaiz v. United States, 521 F. Supp. 2d 93, 96 (D.D.C. 2007) (noting that a certified transcript such as the Form 4340 provides a sufficient basis for summary judgment if the taxpayer does not present evidence to rebut the presumption of correctness).

Rather than challenging the correctness of the assessments, Defendant makes a number of peripheral arguments. First, Defendant attempts to argue that he is not obligated to pay income taxes because the tax system is based upon voluntary assessment and payment, not upon distraint. Defendant cites to Flora v. United States, 36 US 145 (1960), to support this position. However, Flora does not stand for this proposition, which is what the court noted in Woods v. Comm'r, 8 F. Supp. 2d 1357, 1360 (M.D. Fla. 1998). In Woods, the court stated in response to the argument that Flora held that the payment of income taxes was purely voluntary: "However, Plaintiff fails to note further language in the opinion (Flora) which belies this proposition; primarily the notation by the Court that 'a decision in petitioner's [taxpayer's] favor could be expected to throw a great portion of the Tax Court Litigation into the District Courts.'" Id.

Defendant also seems to argue that the Court does not have jurisdiction over him and that Plaintiff's motion for summary judgment lacks credibility because the declaration of Revenue Officer J. Beck is a pseudonym and therefore questionable. These arguments have previously been made by taxpayers and have been rejected by the courts. See United States v. Ward, 833 F.2d 1538 (11th Cir. 1987) (holding that taxpayer's argument that the court lacks jurisdiction because the taxpayer does not live within a territory "utterly without merit"); Buaiz, 521 F. Supp. 2d at 96-7 (holding that taxpayer's argument that IRS Revenue Officer's certification lacked credibility because she used a "false and fictitious name" was without merit).

Lastly, Defendant argues that Plaintiff's complaint is untimely because it was not filed within ten (10) years from the date of assessment. However, under 26 U.S.C. §§6503(a)(1) and 6330(e)(1), the period of time is tolled from the time Defendant requested a collection due process hearing until the issues raised in the hearing are finally determined. See also United States v. Mathis Implement, Inc., 405 F. Supp. 2d 1101, 1105-06 (D.S.D. 2005). Defendant requested a due process hearing on August 7, 2006. A final determination was made on January 12, 2007. Thus, the period of time was tolled for 158 days. The taxes were assessed on March 9, 1998 and the complaint was filed on June 9, 2008. Accordingly, the complaint is timely because it was filed prior to the statutory period of ten (10) years and 158 days.

Plaintiff's tax assessments are presumptively correct as a matter of law and Defendant failed to rebut any of the amounts in his response to Plaintiff's motion for summary judgment. The courts have previously dismissed Defendant's arguments in his response as being frivolous and lacking any merit. The courts simply will not accept an argument that the payment of federal income taxes is purely voluntary. Accordingly, Plaintiff is entitled to summary judgment and a final judgment in the amount of $308,439.12, as of January 22, 2009, plus interest, costs, and all statutory additions thereafter as provided by law.

## **CONCLUSION**

For the reasons set forth above, it is hereby ORDERED AND ADJUDGED that:

1. Plaintiff's Dispositive Motion for Summary Judgment (Dkt. 7) is **GRANTED**.

2. Plaintiff shall supplement the record within ten (10) days from the date of this Order with documentation reflecting Defendant's tax liability as of the date of this Order and any costs Plaintiff believes it is entitled to as provided by law so that the Court can direct the Clerk to enter a final judgment in favor of Plaintiff and against Defendant for an amount certain.

**DONE** and **ORDERED** in Tampa, Florida on June 25, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1106.msj.frm